IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAMELA J. GREEN, | ) | CASE NO. 1:14-cv-00358 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| v. | ) | |
| | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) | |

Having prevailed in obtaining a reversal and remand of the Commissioner's decision denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), Plaintiff Pamela J. Green ("Plaintiff" or "Green") now seeks an award of attorney fees and expenses pursuant to the Equal Access to Justice Act (the "EAJA").  Doc. 24.

As explained below, Plaintiff's Application for Payment of Attorney Fees Pursuant to the Equal Access to Justice Act (Doc. 24) is **GRANTED in part** and **DENIED in part**.

### I.  PROCEDURAL HISTORY

Green filed this action to seek judicial review of the Commissioner's final decision denying her application for social security disability benefits.  Doc. 1.  Following briefing by the parties, on March 2, 2015, the Court reversed and remanded the final decision of the Commissioner because the ALJ failed to comply with the treating physician rule when evaluating the opinions of two of Green's treating physicians.  Doc. 22.  On May 22, 2015, Green filed an Application for Payment of Attorney Fees Pursuant to the EAJA seeking

$3,913.88 (20.2 hours for Attorney Matthew J. Shupe at an hourly rate of $183.75 and 1.1 hours for Attorney Paulette F. Balin at an hourly rate of $183.75) ("EAJA Application"). Doc. 24, p. 1, Doc. 24-5, Doc. 24-6. On June 12, 2015, the Commissioner filed her Response. Doc. 26. The Commissioner argues that her position was substantially justified and therefore an EAJA award is not warranted.[1] Doc. 26, pp. 2-6. On June 15, 2015, Green filed a Reply (Doc. 27) and a Supplement to her Application (Doc. 28). In her Supplement, Green requested an additional 3.6 hours in fees associated with filing a reply to Defendant's opposition to her request for an EAJA award. Doc. 28. Thus, Green seeks a total EAJA award in the amount of $4,575.38, representing a total of 24.9 hours at an hourly rate of $183.75.[2] Doc. 24, Doc. 28.

## II. DISCUSSION

A.  **The EAJA Standard**

The EAJA provides that,

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of agency action, brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Pierce v. Underwood*, 487 U.S. 552, 556, 108 S. Ct. 2541, 2545, 101 L. Ed. 2d 490 (1988). Thus, a prevailing party in an action against the United States can recover fees and expenses, unless the United States' position was "substantially justified" or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Pierce*, 487 U.S. at 556. In the case at hand, Plaintiff is the prevailing party. Doc. 22; *see Shalala v. Schaefer*,

---

[1] Defendant also argues that, in the event that an EAJA award is made, Plaintiff's request should be reduced by .5 hours because that amount of time was spent on administrative tasks, which Defendant asserts are not compensable. Doc. 26, pp. 6-7.

[2] Of the 24.9 hours, 6.7 hours are allocated to seeking EAJA fees. Doc. 24-5, Doc. 24-6, Doc. 28-1.

2

509 U.S. 292, 301, 113 S. Ct. 2625, 2631, 125 L. Ed. 2d 239 (1993) (holding that Plaintiff is the prevailing party in a sentence four remand). The Commissioner does not contest that the Plaintiff was the prevailing party. Nor does the Commissioner argue that any special circumstances warrant the denial of attorney fees. Plaintiff filed her EAJA Application in a timely manner, *see* 28 U.S.C. §§ 2412(d)(1)(B), 2412(d)(1)(D)(2)(B). The Commissioner does not argue that the Plaintiff's Application was untimely. Accordingly, the primary issue in dispute is whether the Commissioner's position was substantially justified.[3]

**B.     The Commissioner's position was not substantially justified**

Under the EAJA, "a position is substantially justified when it is 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (quoting *Pierce*, 487 U.S. at 565). In other words, "a position is substantially justified when it has a 'reasonable basis both in law and fact.'" *Id.* While the burden of establishing substantial justification is on the Commissioner, there is no presumption that the Commissioner's position was not substantially justified simply because it lost the case. *Scarborough v. Principi*, 541 U.S. 401, 414-415, 124 S. Ct. 1856, 158 L. Ed. 2d 674 (2004); *Howard*, 376 F.3d at 554.

The Commissioner argues that the only error found by this Court was in the ALJ's articulation of his reasons for discounting the treating physicians' opinions and therefore this Court should find the Commissioner's position was substantially justified and deny EAJA fees. Doc. 26, pp. 2-6.

In considering whether the Commissioner's decision was "substantially justified" for EAJA purposes, courts have distinguished between remands involving "mere articulation errors"

---

[3] As noted above, the Commissioner also objects to .5 hours of the time for which Green seeks an award of EAJA fees.

3

and remands where the district court determines that the evidence, even when properly considered, does not support the ALJ's decision or where the agency fails to follow its own rules. *Compare DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 727 (6th Cir. 2014) (holding that "an ALJ's failure to provide an adequate explanation for his findings does not establish that a denial of benefits lacked substantial justification"); *Harris v. Comm'r of Soc. Sec.*, 2010 WL 3075486, at \*2 (N.D. Ohio Aug. 5, 2010) (no attorney fees where articulation error was surrounded by an otherwise "thorough and record-based analysis") *with McCole v. Comm'r of Soc. Sec.*, 2015 WL 6437209, \* 3 (Oct. 20, 2015) (finding that ALJ's error was not merely one of articulation and "[w]here the agency fails to follow its own rules the Commissioner's decision will not have a 'reasonable basis in both law and fact'"); *Escobar v. Colvin*, 2015 WL 4041845, \* 3-4 (N.D. Ohio July 1, 2015) (recognizing that the Sixth Circuit in *DeLong* determined that a failure to adequately explain findings does not establish a lack of substantial justification but concluding that the ALJ's error was not merely an issue of the level of articulation).

In this case, the Court concluded that there was a lack of compliance with the agency's own regulations: namely, a lack of compliance with the treating physician rule. Doc. 22. In reaching this conclusion, the Court found that the ALJ clearly did not discuss the entirety of the treating physicians' opinions; chose to highlight only certain portions of each of the treating physicians' opinions; and appeared to weigh only select portions of the treating physicians' opinions. Doc. 22, p. 38. Further, the reasoning provided by the ALJ for the weight assigned to the treating physicians' opinion was only cursory in nature. Doc. 22, p. 38. The Court finds that the ALJ's error in this case was more than a mere articulation error and the Commissioner's position was not substantially justified. Accordingly, an award of EAJA fees is warranted in this case.

C.	**Reasonableness of number of hours requested**

The Commissioner argues that a reduction of .5 hours is warranted for time spent by Attorney Shupe reviewing emails from the Court.  Doc. 26, pp. 6-7.  The Commissioner contends that reviewing emails from the Court is a non-compensable administrative task.   In other cases, such tasks have been found not to be compensable under the EAJA.  *See McCole, 2015 WL 6437209*, * 4 (concluding that administrative tasks such as reviewing emails are not compensable because such costs associated with such tasks should be included in overhead costs); *see also Killings v. Colvin*, 2013 WL 1455818, *6-7 (N.D. Ohio Apr. 9, 2013) (reducing hours for time spent reviewing court emails).   Additionally, Green has not provided a basis upon which this Court should conclude that such tasks are compensable.

In light of the foregoing, the Court finds a reduction in the number of hours is warranted and reduces the total hours for which Green requests an EAJA award by .5 hours for time spent by Attorney Shupe reviewing on non-compensable administrative tasks.

### III.	CONCLUSION

For the foregoing reasons, Plaintiff's Application for Payment of Attorney Fees Pursuant to the Equal Access to Justice Act (Doc. 24) is **GRANTED in part** and **DENIED in part**.

The Court hereby awards Plaintiff EAJA fees and expenses in the amount of $4,483.50, representing 24.4 hours at an hourly rate of $183.75.


November 17, 2015

*[signature]*
_____
Kathleen B. Burke
United States Magistrate Judge