IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAMELA J. GREEN, | ) | CASE NO. 1:14-cv-00358 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) | |

This matter is before this Court on Plaintiff Pamela J. Green's ("Green") Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) with Supporting Memorandum. Doc. 30. The Commissioner filed a Response to Plaintiff's Motion. Doc. 31. Plaintiff filed a Reply. Doc. 32. The Commissioner's Response provides an "analysis to aid the Court in setting an appropriate fee" (Doc. 31, p.1) but expressly states that the Commissioner does "not oppose" Plaintiff's Motion and defers to the Court's discretion. *Id.*, p. 3.

For the reasons set forth herein, the Court **GRANTS** Plaintiff's Motion and awards attorney fees in the amount of $19,290.25 provided that Plaintiff's counsel refunds to Plaintiff $4,483.50 in attorney fees that this Court previously awarded under the Equal Access to Justice Act ("EAJA"). Doc. 29.

## I.     Procedural History

On March 2, 2015, the Court reversed and remanded the Commissioner's decision. Doc. 22, Doc. 23. On November 17, 2015, the Court granted Plaintiff's motion for EAJA fees and awarded Plaintiff's counsel fees in the amount of $4,483.50. Doc. 29. On November 15, 2016, the Social Security Administration awarded Green past-due benefits in the amount of $117,161.00.

1

*See* Doc. 30-1 (Social Security Administration, Notice of Award, indicating $29,290.25 was withheld from past-due benefits pending attorney fee determination). The Administrative Law Judge awarded Plaintiff's counsel $10,000.00 in 406(a) fees.[1] Doc. 30-2, Doc. 30-3, Doc. 30-4.

## II. Law & Analysis

### A. Attorney fee awards in social security disability cases

There are two statutes under which a plaintiff may recover attorney fees in a social security disability case. First, under the EAJA, a plaintiff may recover attorney fees which, if awarded, are paid by the government. *See* 28 U.S.C. § 2412. Second, as part of the judgment rendered in favor of a plaintiff, a court may award a reasonable fee for an attorney's representation in court which, if awarded, are to be paid out of a plaintiff's past-due benefits, not as an addition to the amount of past due-due benefits. *See* 42 U.S.C. § 406(b). The fee awarded pursuant to 42 U.S.C. § 406(b) may not be in excess of 25 percent of the total past-due benefits. *Id.* Further, a plaintiff's counsel may not receive fees under both statutes for the same work. *Bowman v. Colvin*, 2014 WL 1304914, * 2 (N.D. Ohio Mar. 27, 2014). Thus, if a court awards both EAJA fees and fees under 42 U.S.C. § 406(b), the plaintiff's attorney is required to refund the smaller amount to the plaintiff. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

### B. Reasonableness of attorney fees under 42 U.S.C. § 406(b)

In *Gilsbrecht*, the Supreme Court recognized the "prevalence of contingent-fee agreements between attorneys and Social Security claimants." *Id.* at 805. In doing so, the Supreme Court held that "§406(b) does not displace contingent-fee agreements within the statutory [25 percent] ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."

---

[1] $10,000.00 represents the total sum of 406(a) awards split amongst Attorneys Balin, November, and Choudhury. Attorney Balin was awarded $2,425.00 for services rendered, Attorney November was awarded $5,075.00, and Attorney Choudhury was awarded $2,500.00. Doc. 30-2, Doc. 30-3, Doc. 30-4.

2

*Id.* at 808-809. The Supreme Court observed that, in enacting § 406(b), Congress set one boundary line, namely, "Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* at 807. However, "[w]ithin the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

The Supreme Court further observed that courts have properly reduced attorney fees below the contingency fee contract amount "based on the character of the representation and the results the representative achieved." *Id.* at 808. For example, "[i]f the attorney is responsible for delay, . . . a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Id.* Additionally, "[i]f benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id.* Thus, a "court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.*

Sixth Circuit "precedent accords a rebuttable presumption of reasonableness to contingency-fee agreements that comply with § 406(b)'s 25-percent cap." *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014) (citing *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1991); *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989)(en banc)). Courts shall make deductions for large fees in only two circumstances: "1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall *because of either an inordinately large benefit award or from minimal effort expended*." *Hayes*, 923 F.2d at 420-421 (discussing *Rodriquez*, 865 F.2d at 746) (emphasis

3

in original). If the foregoing reasons are not applicable, "an agreement for a 25% fee, the maximum permitted under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), is presumed reasonable." *Id.* at 421.

In *Hayes*, while recognizing that, in *Rodriquez*, it had provided "district courts license to consider the hourly rate represented by an attorney's 25% fee [because] [c]alculating an hourly rate from the fee is one method of determining whether the attorney would 'enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended," the Sixth Circuit faulted the district court for limiting attorney fees to a particular flat hourly rate that a court found reasonable. *Hayes*, 923 F.2d at 421-422. The Sixth Circuit noted that "42 U.S.C. § 406(b)(1), establishes a cap on attorney's fees of 25% of the claimant's award, not a cap on the hourly rate." *Id* at 421. Because of confusion resulting from the latitude permitted courts in determining how an hourly rate computation might be considered in arriving at an appropriate fee under § 406(b), the Sixth Circuit in *Hayes* determined that it was necessary to establish a more certain rule and in doing so held that:

> A calculation of a hypothetical hourly rate that is twice the standard rate[2] is a starting point for conducting the *Rodriquez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of the *Rodriquez*'s windfall rule for "minimal effort expended," the reasonableness of the fee. In other words, a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable.
>
> If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fees.

*Hayes*, 923 F.2d at 422.

---

[2] "Standard rate" refers to "the standard rate for such work in the relevant market." *Hayes*, 923 F.2d at 422.

C.  **Plaintiff's request for attorney fee award under 42 U.S.C. § 406(b)**

Green was awarded $117,161.00 in past-due benefits.  Doc. 30-1.  Plaintiff signed a Fee Agreement wherein she agreed to pay her attorney 25% of all of all past-due benefits awarded her if the Social Security Administration favorably decided her claim after a decision by a Federal Court.  Doc. 30-5.  The Social Security Administration withheld $29,290.25 from these benefits, representing 25% of the total past-due benefits awarded.  Doc. 30-1, p. 3.  The Social Security Administration previously authorized payment of attorney fees under 42 U.S.C. § 406(a) in the total amount of $10,000.00 from the withheld funds for attorney services rendered at the administrative level.  Doc. 30-2, Doc. 30-3, Doc. 30-4.

Plaintiff requests that the Court award payment of attorney fees to her attorney from her past-due benefits in the remaining amount of $19,290.25.  Doc. 30, p. 1.  Plaintiff's counsel submitted affidavits documenting a total of 24.9 hours expended in connection with the federal court litigation.[3]  Doc. 30-6, Doc. 30-7.  In awarding EAJA fees in this case, the Court found .5 hours unreasonable and awarded EAJA fees based on 24.4 hours.  Doc. 29, p. 5.  Thus, the Court will utilize 24.4 hours when analyzing the reasonableness of Plaintiff's current fee request.

Plaintiff states that, for over three years, the attorneys who worked on her case have requested an hourly rate of $350.00-$385.00.  Doc. 30, p. 7, Doc. 30-11.  The Court observes that the affidavit of Ms. Veal that was submitted in support of the foregoing hourly rates indicates only an hourly rate of $350.00, not $350.00-$385.00.  Doc. 30-11.  Also, relying on an affidavit of social security attorney Louise Mosher, Plaintiff states that her counsel's hourly rate is consistent

---

[3] Attorney Matthew Shupe billed 23.8 hours and Attorney Paulette Balin billed 1.1 hours.  Doc. 30-6, 30-7.

with hourly rates of attorneys with comparable experience in the Norther District of Ohio. Doc. 30, p. 7, Doc. 30-12.

In her Response to Plaintiff's Motion, the Commissioner points to a potential difference between the rate Counsel requests and the rate at which she is regularly compensated. Doc. 31, pp. 2-3. Further, the Commissioner's Response suggests that an hourly rate commensurate with the rates potentially available under the EAJA should be used when calculating the reasonableness of a 406(b) award. Doc. 31, pp. 2-3. Notwithstanding these statements, the Commissioner states that she "will not oppose counsel's motion but will instead defer to the Court's discretion to determine whether the requested fee is appropriate." Doc. 31, p. 3.

To aid the Court in its determination of the reasonableness of the fee resulting from a fee agreement, *Gisbrecht* instructs courts to consider an attorney's usual non-contingent rate and time expended representing her client into the calculation of a reasonable 406(b) rate. 535 U.S. 789, 808 (2002). Accordingly, the Court declines to follow the Commissioner's suggestion of using an hourly rate available under the EAJA as the baseline rate for our 406(b) reasonableness analysis. The Court instead will adopt Plaintiff's rate of $350.00 per hour as the starting point for assessing reasonableness.

Doubling Counsel's stated rate of $350.00 per hour as instructed by *Hayes* results in a rate of $700.00. Plaintiff requests a total award of $19,290.25, which equates to an hourly rate of $790.58, when divided by 24.4 hours. The *Hayes* court noted that "a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." Hayes, 923 F.2d at 422.

Here, the amount requested does not exceed the 25% cap set forth in § 406(b). In fact, the fee requested, i.e., $19,290.25, is approximately 16% of the total past-due award. *See Ratliff*

6

*v. Comm'r of Sec. Sec.*, 2013 WL 633606, * 2 (N.D. Ohio Feb. 20, 2013) (relying on *Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc)) (observing that a court "need not aggregate the § 406(b) fees . . . with the fees previously awarded to counsel under § 406(a) for services before the agency."). Further, even if the Court aggregated the amount awarded by the agency with the amount of fees requested herein, the total amount would not exceed the 25% cap set forth in § 406(b) nor would it exceed the 25% contingent fee amount agreed to by Plaintiff.

Also, as a condition of the award, Plaintiff's counsel must refund Plaintiff the $4,483.50 previously awarded under the EAJA. After this refund, Counsel would ultimately receive $14,806.75 of the requested $19,290.25. When $14,806.75 is substituted for $19,290.25, the calculation yields a hypothetical hourly rate of $606.83. This rate falls below $700.00 (twice the requested baseline of $350.00) and is *per se* reasonable.

Based on the foregoing, the Court finds that a fee of $19,290.25 does not exceed the 25% contingency fee that Plaintiff agreed upon and is allowed under § 406(b), nor does the fee constitute a "windfall."

### III.    Conclusion

Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) with Supporting Memorandum (Doc. 30) is **GRANTED** in the amount of $19,290.25 provided that Plaintiff's counsel refunds to Plaintiff the $4,483.50 previously paid under the EAJA.

August 8, 2017

_____
KATHLEEN B. BURKE
U.S. Magistrate Judge